## STATE v. GUST JOHNSON.[1]

May 27, 1927.

No. 26,031.

**Denial of challenge of juror not reviewable.**

1. In a criminal case, the denial by the trial judge of the challenge of a juror cannot be reviewed on appeal.

**Qualifications to proposition correctly stated in charge need not be repeated upon every reference to it.**

2. Where, in the charge to the jury in a criminal case, a proposition involving one of the defenses is once correctly stated, with its conditions and qualifications, it is not ordinarily necessary for each of the conditions and qualifications to be restated every time the defense itself is subsequently referred to in the instructions.

Criminal Law, 16 C. J. p. 1035 n. 54; 17 C. J. p. 238 n. 26.

Defendant appealed from a judgment of the district court for St. Louis county, Kenny, J. Affirmed.

*Stilson, Moerke & Goldberg,* for appellant.

*Clifford L. Hilton,* Attorney General, *James E. Markham,* Deputy Attorney General, and *Mason M. Forbes,* County Attorney, for the state.

STONE, J.

Appellant's action in not stopping his automobile, as required by law, but instead running it rapidly by the open gates of a street car which had just stopped to permit passengers to alight, caused the death of one of such passengers. As a result, he has been convicted of manslaughter. He appeals from the judgment entered after his motion for a new trial was denied.

1. The first of the two questions presented concerns the denial by the trial judge of the challenge of a juror for actual bias. It has long been "the settled law in this jurisdiction" that such a ruling

[1]Reported in 214 N. W. 265.

is not open to review on appeal. State v. Evans, 88 Minn. 262, 92 N. W. 976. For other cases, see Dun. Dig. § 5258. Such a rule is especially appropriate where, as here, there is no showing that the peremptory challenges of the defense were exhausted.

2. The only other assignment of error goes to the charge. The principal defense was that the brakes of defendant's automobile were so defective that he could not stop his machine so as to comply with the law or in time to prevent the fatality that resulted. Evidence of guilt is plain to the point of demonstration. The all too frequent element of intoxication was present. The evidence suggests that defendant's use of liquor rather than his inability to use his brakes explains the result. But passing that, and without now applying the rule of State v. Nelson, 91 Minn. 143, 97 N. W. 652, we find no error in the charge. The judge told the jury that "the mere fact that the brakes were defective, if you find them to be defective under this evidence, is not an excuse for the defendant here unless that defect in brakes arose under such condition that he did not know about it, or did not have reason to know about it." Having indicated thus explicitly that the defense of defective brakes, if established, was valid if the defect came about under such conditions that defendant did not know or have reason to know of it, the trial judge was not required to repeat the qualification every time he had occasion in the course of his instructions to refer to the subject. The jury could not have been misled, a conclusion strengthened by the fact that counsel for the defense did not at the time ask further or more explicit instructions.

Judgment affirmed.